IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| In re Christina M. REDINGTON, <br><br> Debtor. | Civil No. 17-cv-08370 (RBK) <br><br> **OPINION** |

**KUGLER**, United States District Judge:

This action arises from Ms. Jenny Kasen's ("Applicant") appeal (Doc. No. 5) from an Order Denying a Request for Opinion and Opportunity to Supplement (Doc. No. 5-1) issued by the United States Bankruptcy Court for the District of New Jersey. Because the Bankruptcy Court's decision was contrary to Third Circuit precedent, the Bankruptcy Court's Order Denying a Request for Opinion and Opportunity to Supplement is **REVERSED** and **REMANDED**.

I.  BACKGROUND

Applicant was hired by an individual debtor ("Debtor") in connection with a Chapter 13 bankruptcy case on September 3, 2015. (Applicant Br., at 6). On April 29, 2016 Applicant filed Debtor's voluntary petition for relief. (*Id.*). Applicant performed various tasks for Debtor in connection with the bankruptcy proceedings, which included: preparing and filing court documents, representing Debtor at meetings of creditors, and representing Debtor at confirmation and court hearings. (*Id.* at 9-10). On July 13, 2017, Applicant filed an application for compensation for services rendered and reimbursement of expenses incurred from August 31, 2015 through July 10, 2017. (*Id.*). The fee application contained an itemized bill depicting the type of work rendered

and the amount of time billed. (*Id.*, Ex. A). In total, Applicant requested $8,067.50 in fees (of which $770.00 were for pre-petition services), and an additional $457.20 in expenses. (*Id.*).

A hearing regarding Applicant's fee application was scheduled to take place on August 24, 2017. (*Id.* at 13). Prior to the scheduled hearing, Applicant contacted the Bankruptcy Court to confirm that attendance at the hearing was not required, as there was no opposition to the application filed. (*Id.*). In response to Applicant's inquiry, the Bankruptcy Court informed Applicant that the requested fees were going to be reduced and that if Applicant would like to be heard on the matter she must attend the hearing. (*Id.*). Applicant, relying on the statement of the court, arrived at the courthouse for the hearing, at which point she was informed that the presiding judge was not available to take the bench. (*Id.*). No hearing occurred. (*Id*. at 14). The next day, August 25, 2017, the Bankruptcy Court entered an order disallowing $1,567.50 in fees requested by Applicant. (*Ord. Granting Allowances*, Aug. 25, 2017).

In response to the Bankruptcy Court's order, Applicant filed a request for a hearing and opportunity to be heard regarding to the Bankruptcy Court's disallowance of fees, and for specific and advanced notice of the Bankruptcy Court's objections and concerns that led to its reduction of fees. (*Request for Opinion*, Aug. 31, 2017). The Bankruptcy Court scheduled a hearing for September 28, 2017, but did not offer Applicant any advance notice of the ground for its objections to the fee application. (*Id.* at 15). At the hearing, the Bankruptcy Court raised numerous objections and questions related to the fee application, including, among other things, Applicant's "billing judgment for travel time and administrative work," as well as Applicant's charging for services performed pre-bankruptcy petition. (*Id.*). At the hearing, Applicant repeatedly argued that she was unable to meaningfully respond to the Bankruptcy Court's objections because she had not been apprised of the objections prior to the hearing. (*Id.*). Applicant requested time to prepare responses

to the Bankruptcy Court's objections, but the Bankruptcy Court denied Applicant's request and entered an order denying reconsideration of the fee application. (*Id.* at 16).

Applicant filed a timely appeal of the Bankruptcy Court's order denying reconsideration.[1] Applicant argues that the Bankruptcy Court erred by neither giving her advance notice of its objections nor the opportunity to supplement her fee application after she was made aware of the Bankruptcy Court's objections.

**II.     STANDARD**

Section 330(a) of the United States Bankruptcy Code provides bankruptcy courts with the power to review fee applications *sua sponte*. ("The court may, on its own motion . . . award compensation that is less than the amount of compensation that is requested."). *See also* Fed. R. Bankr. P. 2017(b) ("on the court's own initiative, the court after notice and a hearing may determine whether any payment of money . . . by the debtor to an attorney . . . is excessive."). The Third Circuit has gone further in holding that bankruptcy courts not only have the power, but also "a *duty* to review fee applications . . ." *Busy Beaver*, 19 F.3d at 847 (emphasis in original).

The duty to review fee applications is not unchecked when it comes to granting less than what was requested by counsel. "If the bankruptcy court plans to disallow certain items of compensation, § 330(a) on its face first contemplates the applicant's right to a hearing." *Id.* at 845. A hearing on its own, however, is not enough. "To make the hearing meaningful, the court should *first* apprise the applicant of the particular questions and objections it harbors . . ." *Id.* at 846 (emphasis added). The purpose of apprising the applicant prior to the hearing stems from the "dictates of due process," because "[u]nless the applicant is afforded an opportunity to rebut or

---

[1] The bankruptcy court had subject-matter jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. This Court has jurisdiction pursuant to 28 U.S.C. § 158(a).

contest the court's conclusions, the applicant would unfairly and undesirably be deprived of the chance to respond to and assuage the court's questions and concerns." *Id.* at 846-47. A party cannot rebut arguments and objections when it is unaware of them, lending support to the Third Circuit's advance notice requirement.

### III. DISCUSSION AND ANALYSIS

While bankruptcy courts have the power to reduce requested attorney's fees under § 330(a), such a reduction must be accompanied by a hearing, if requested by counsel, and prior to such a hearing counsel must be notified of the Bankruptcy Court's objections in order to form a meaningful response. *In re Busy Beaver*, 19 F.3d 833 (3d Cir. 1994).

Applicant was not apprised of the Bankruptcy Court's objections to her fee application prior to the September 28, 2017 hearing. The Third Circuit has held that:

> [i]f the bankruptcy court at any time . . . denies some amount of the requested compensation, and if it determines the applicant sought in good faith to comply [with bankruptcy fee application requirements] . . . it should notify the applicant of its particular reasons for denying the fees, and, should he or she make a timely request for one, allow the professional the occasion to defend his or her fee application with legal arguments and/or evidence (of market practices, etc.) at a hearing.

*Busy Beaver*, 19 F.3d at 847.[2] *See also In re Driscoll*, No. AZ-12-1499, 2014 WL 465453, at *6 (B.A.P. 9th Cir. Feb. 6, 2014) (holding that the applicant "was entitled to advance notice about the bankruptcy court's concerns with his fee request so that he could, in a meaningful and timely fashion, respond to those concerns and defend that request").

---

[2] The Third Circuit's ruling in *Busy Beaver* centered on the "good faith" applicant. By good-faith applicant the Third Circuit was "refer[ing] to a fee applicant who reasonably and in good faith attempts to comply with the applicable rules governing the format and substance of fee applications." *Busy Beaver*, 19 F.3d at 846. But even a hypothetically bad faith applicant is not stripped of their due process rights. *In re Waltenberg*, No. 05-25084EF, 2007 WL 1740274 (E.D. Pa. June 15, 2007).

4

In *Driscoll*, the applicant represented an individual debtor filing a Chapter 13 bankruptcy case. There were no adversary proceedings or contested hearings conducted during the case, including in relation to the fee application submitted by the applicant. *Driscoll*, 2014 WL 465453, at *3. After a hearing in which the bankruptcy judge made no indication of his concerns regarding the fee application, the judge disallowed almost $5,000. *Id.* A Bankruptcy Appellate Panel for the Ninth Circuit overruled the fee application reduction made by the bankruptcy judge. While the Appellate Panel recognized the "significant latitude" of bankruptcy courts to proscribe the proceedings used to consider fee applications, it nevertheless held that because the applicant did not have *advance* notice of the Court's objections, the applicant could not prepare a meaningful response. *Id.* at *5-6 (citing *In re Eliapo*, 298 B.R. 392, 402 (B.A.P. 9th Cir. Aug. 28, 2003) (citing *Busy Beaver*, 19 F.3d at 856)).

Applicant suffered a lack of notice similar to that of the applicant in *Driscoll*. Applicant was not made aware of, prior to her hearing, what the Bankruptcy Court's objections to her fee application were. Although our case can be distinguished in that Applicant was informed of the Court's objections *at* the hearing, the distinction is one without meaning. In both Applicant's situation and that in *Driscoll*, the real issue is that both parties did not have a meaningful chance to properly address the concerns of the court before a decision was rendered.

### IV. CONCLUSION

Applicant did not receive advance notice of the Bankruptcy Court's objections to her fee application prior to the hearing scheduled to discuss the application. Because the Third Circuit requires that counsel be apprised of the court's objections prior to a hearing to allow counsel to form a meaningful response, the Bankruptcy Court's failure to do so here was mistaken. For the

reasons set forth above, the Bankruptcy Court's Order Denying a Request for Opinion and Opportunity to Supplement is **REVERSED** and **REMANDED**. An appropriate order shall issue.


Dated: 06/19/2018 /s Robert B. Kugler
ROBERT B. KUGLER
United States District Judge